UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| YUSEFF WILLIAMS<br>229 Linden Lane<br>Glenside, PA 19038<br><br>   Plaintiff,<br><br>   v.<br><br>UGI CORPORATION<br>d/b/a AMERIGAS<br>460 North Gulph Road<br>King of Prussia, PA 19406<br><br>And<br><br>AMERIGAS PROPANE PARTS &<br>SERVICE, INC.<br>460 North Gulph Road<br>King of Prussia, PA 19406<br><br>And<br><br>AMERIGAS PROPANE, L.P.<br>d/b/a SERVICEMARK HEATING<br>COOLING & PLUMBING<br>460 North Gulph Road<br>King of Prussia, PA 19406<br><br>   Defendants | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Introduction.**

  1. Plaintiff Yuseff Williams, by and through his undersigned counsel, brings this action for monetary damages pursuant to the Americans with Disabilities Act arising from his wrongful termination for a perceived disability. Plaintiff seeks to hold Defendants accountable

for their termination of Plaintiff's employment due to their incorrect identification and diagnosis of Plaintiff as a person in need of treatment for sleep apnea.

**II. Parties and Reasons for Jurisdiction.**

2. Plaintiff, Yuseff Williams (hereinafter "Plaintiff"), is an adult individual residing at the above address.

3. Defendant, UGI Corporation d/b/a AmeriGas, (hereinafter "UGI") is a corporation organized and operating under the laws of the Commonwealth of Pennsylvania with a principle and registered place of business at the above captioned address.

4. Defendant, Amerigas Propane Parts & Service, Inc. is a corporation organized and operating under the laws of the Commonwealth of Pennsylvania with a principle and registered place of business at the above captioned address.

5. Defendant, Amerigas Propane, L.P., doing business as Servicemark Heating, Cooling & Plumbing is a limited partnership, organized and operating under the laws of the Commonwealth of Pennsylvania with a principle and registered place of business at the above captioned address.

6. At all times material hereto, Plaintiff was an employee of the foregoing Defendants, who shall be collectively referred to as "Defendants".

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

8. This action is instituted pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and applicable federal and state law.

9. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

10. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**III. Operative Facts.**

12. In or around July of 2015, Plaintiff began working full time for Defendant as a service technician. Plaintiff's job entailed driving a delivery truck for approximately half of the work day to deliver propane tanks to customers.

13. At all times material hereto, Plaintiff was required to maintain a Commercial Drivers License to drive Defendant's fleet of commercial vehicles.

14. In or around December of 2015, Defendant initiated a pilot study where it began screening all new applicants, seasonal hires and flex employees for Obstructive Sleep Apnea.

15. Plaintiff and two (2) new employees, Larry and Steve, were required to submit to the testing.

16. The study involved Plaintiff using a smart phone to engage in an online talk video session with Defendant's representative wherein Plaintiff used the smart phone to capture a video of his throat.

17. The Defendant's representative/pilot study staff evaluated the video and determined that Plaintiff was required to take an at home sleep study test to test for obstructive sleep apnea.

18. Plaintiff completed the at home sleep study test on or about April 17, 2016, and was purportedly diagnosed by Defendant as having sleep apnea. Defendant prescribed Plaintiff a CPAP machine to treat his sleep apnea.

19. This was the first time Plaintiff had been purportedly diagnosed with sleep apnea.

20. Plaintiff had no record of falling asleep at work or otherwise having sleeping issues that affected his work performance. In fact, Plaintiff's job history with Defendant was excellent and he received numerous letters of recommendation during his employment.

21. Defendant required Plaintiff to wear the CPAP machine for four hours per day during the workday. Defendant required Plaintiff to wear the CPAP mask in-between jobs over the course of the workday.

22. Plaintiff's supervisor, Brian N., purchased Plaintiff a cigarette lighter adapter so that Plaintiff would use his CPAP machine while in the truck.

23. Plaintiff often felt embarrassed and uncomfortable wearing the CPAP mask in front of his supervisors, coworkers and customers.

24. Plaintiff's new co-workers Larry and Steve were also diagnosed by Defendant with sleep apnea and were required to use the CPAP machine. Steve quit shortly after Defendant forced him to use the CPAP machine.

25. Plaintiff was the only experienced employee who was required to submit to the test and required to use the CPAP machine.

26. Shortly after Plaintiff began using the CPAP machine, he began to experience breathing difficulty during use.

27. Plaintiff informed Defendant on numerous occasions that the CPAP machine was not working and that he could not breathe while wearing the mask.

28. Plaintiff demanded to stop using the CPAP mask or to speak to a medical professional about his breathing difficulties, but his requests were not honored.

29. In or around, January of 2016, Plaintiff spoke to Defendant's nurse, Meghan about the breathing difficulties that he was experiencing.

30. During the consultation, Plaintiff asked if there were any alternative treatments to the CPAP machine.

31. Meghan advised that Plaintiff needed to continue to wear the CPAP machine or his employment would be terminated.

32. Based on that instruction, Defendant continued to require Plaintiff to utilize the CPAP machine while at work despite his breathing difficulties.

33. Each time Plaintiff complained to Defendant about his breathing difficulties, he was informed that his employment would be terminated if he did not use the CPAP.

34. Defendant failed to address Plaintiff's complaints and instead advised Plaintiff that his use of the CPAP machine was a required condition of his employment.

35. Plaintiff scheduled an appointment with his personal primary care doctor to discuss Defendant's diagnosis and treatment.

36. Plaintiff contacted his personal primary care physician Dr. Ronda Karp's office on or around January of 2016, but he was not able to be seen by her until April of 2016.

37. Dr. Karp prescribed and Plaintiff attended an overnight sleep study at Abington Hospital on or around April 17, 2016.

38. On or around March 7, 2016, Defendant terminated Plaintiff's employment on the grounds that he failed to fulfill a material condition of his employment which was the required use of the CPAP machine.

**IV. Causes of Action.**

### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

39. Plaintiff incorporates paragraphs 1-38 as if fully set forth at length herein.

40. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

41. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

42. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

43. At all times material hereto, Plaintiff was perceived to have a disability, as described above.

44. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his perceived disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

45. Defendant failed to reasonably accommodate Plaintiff's perceived disability.

46. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning capacity and a claim is made therefore.

47. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

48. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

51. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

52. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

53. At all times material hereto, Plaintiff had a perceived disability, as described above.

54. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

55. Defendant failed to accommodate Plaintiff's perceived disability.

56. Defendant failed to engage in a meaningful back and forth discussion in an effort to accommodate Plaintiff's disability.

57. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning capacity and a claim is made therefore.

58. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

59. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**COUNT III – WRONGFUL TERMINATION – PENNSYLVANIA COMMON LAW**

60. Plaintiff incorporates paragraphs 1-59 as if fully set forth at length herein.

61. Defendant's conduct in identifying and diagnosing Plaintiff with sleep apnea and prescribing him a CPAP machine which they required him to use during the workday despite the fact that it caused Plaintiff breathing difficulties was intentional or reckless.

62. Defendant's conduct towards Plaintiff, as described above and incorporated

herein, constitutes wrongful termination of Plaintiff in that it violated public policy.

63. Defendant imposed an unreasonable requirement upon Plaintiff's employment.

64. Defendant required Plaintiff submit to medical procedures, tests and experiments in order to maintain employment.

65. Defendants lacked a rational basis or legitimate employment reason for imposing this harsh, unreasonable and unnecessary employment restriction.

66. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning capacity and a claim is made therefore.

67. As a result of the conduct of Defendants, Plaintiff hereby demand punitive damages.

68. Plaintiff demands attorneys fees and court costs.

**COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

69. Plaintiff incorporates paragraphs 1-68 as if fully set forth at length herein.

70. Defendants' aforementioned conduct in identifying and diagnosing Plaintiff with sleep apnea and requiring his use of the CPAP machine during the workday despite the fact that it caused Plaintiff breathing difficulties was intentional or reckless.

71. The above conduct of the Defendant was extreme and outrageous.

72. The above resulting conduct of the Defendants caused the Plaintiff to suffer severe emotional distress, manifested in physical symptoms such as a lack of breathing comfortably.

73. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning capacity and a claim is made therefore.

74. As a result of the conduct of Defendants, Plaintiff hereby demand punitive damages.

75. Plaintiff demands attorneys fees and court costs.

**VI. Relief Requested.**

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants together in a sum greater than $150,000.00, including:

    A. Compensatory damages for: including, but not limited to, restitution, expectation damages, consequential damages, back pay and lost benefits lost future wages, lost earning capacity, economic loss, pain and suffering, emotional distress and;

    B. Punitive damages;

    C. Interest on the amount of the claim from the date the claim was made by Plaintiff in an amount equal to the prime rate of interest plus 3% for bad faith.

    D. Attorney's fees and costs of suit.

    E. Any other further relief this Court deems just proper and equitable.

                                  **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                  BY: _____
                                  **GRAHAM BAIRD, ESQUIRE**
                                  Two Penn Center
                                  1500 JFK Boulevard, Suite 1240
                                  Philadelphia, PA 19110

                                  Attorney for Plaintiff, Yuseff Williams

Date: 2/28/18

# EXH. A

| EEOC Form 161-B (11/16) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|
| | **NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)* |

| To: | Yuseff Williams<br>P.O. Box 1151<br>Glenside, PA 19038 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00423 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*    12/6/17

Kevin J. Berry,
Acting District Director

(Date Mailed)

Enclosures(s)

cc:  Shane Siegel, Esq.               Graham Baird, Esq.
     MORGAN LEWIS                     LAW OFFICE OF ERIC SHORE
     1701 Market Street               1500 JFK Boulevard 2 Penn Center
     Philadelphia, PA 19103           Suite 1240 PO BOX 58519
                                      Philadelphia, PA 19102